[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION OF MOTION TO STRIKE
In this unlawful termination action defendants move to strike the Second Count alleging negligent infliction of emotional distress, the Third Count alleging a breach of implied covenant of good faith and the Fourth Count alleging wrongful discharge.
 I.
Plaintiff alleges a series of derogatory statements by defendant's supervisor concerning plaintiff's motives in bringing a negligence action arising from an accident while plaintiff was a passenger on a bus. According to plaintiff, defendant's supervisor on several occasions accused plaintiff of fabricating and exaggerating his negligence claim, questioned him about the case in front of co-workers and when he fired plaintiff told him in front of co-workers "You can go ahead and sue me too." This appears to be sufficiently unreasonable conduct, both prior to and at the time of termination to make the allegations in the Second Count sufficient to sustain a claim of negligent infliction of emotional distress. Mores v. Hartford Courant Co.,200 Con. 676 (1986); Centi v. Lexington Health Care Center, 1997 WF 240943 (May 1, 1997) (Licari, J.)
 II.
In his Third and Fourth Counts plaintiff alleges a breach of an implied covenant of good faith and fair dealing as well as common law claim of wrongful discharge.
Our Supreme Court has recognized a public policy exception to the rule that an employer may fire an employee-at-will for any reason at all. Parsons v. United Technologies Corp. , 243 Conn. 66
(1998). Under this exception, which may be brought under either breach of the implied covenant of good faith and fair dealing or wrongful discharge, the plaintiff must allege and prove that his discharge violated public policy as set forth in either state or federal statutory, constitutional or common law. See Magnan v.CT Page 3014Anaconda Industries, 193 Conn. 588 (1984).
Here, the plaintiff alleges that he was harassed and discharged for bringing an unrelated personal injury action, and that this constitutes a violation of the public policy set forth in the Connecticut constitution, article first, § 10, which provides: "All courts shall be open, and every person, for an injury done to him in his person, property or reputation, shall have a remedy by due course of law, and right and justice administered without sale, denial or delay." No court decision has been brought to our attention which has considered the question as to whether such a claim represents a sufficient violation, of public policy upon which a claim for wrongful discharge may be based. In our view, an employee should not be harassed or terminated for exercising his civil right to seek redress for personal injuries sustained as a result of another's negligence. See Casper v. Combustion Engineering, Inc., Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 570516 (June 23, 1998, Aurigemrna, J.), holding that courts may interfere with employer's discretion "in cases where employers sought to punish employees for exercising their rights as good citizens."
It is concluded that the plaintiff has sufficiently alleged a violation of public policy to survive the defendant's motion to strike.
Motion to strike denied.
Wagner, J. Trial Judge Referee